The Judges were all clear on one point, that wherever a voluntary conveyance is made for the use of a man’s wife, or intended wife and family, it was not void, because it was voluntary. In order to make it so, it must be made with a view to defeat bona fide purchasers, or to defraud creditors. Mrs. Holman!s case was full to this point; also, Cowp. 708. As to creditors, they appear to be out of the question in the present case, as Opry only owed 3/. sterling when the settlement was made, and had two negroes besides those named in the instrument.
*551 The only point in this case which can affect a bonajide purchaser, if defendant can be called one, is, that Keaborne the trustee, and Mrs. Opry were both present at the sheriff’s sale, and did not forbid it; and her saying the deed of trust was a sham deed, and her receiving money from Teasdale, in part satisfaction of her claim.’ These circumstances, they thought, created some suspicions on the subject, and were sufficient to justify the court in sending the case back to a jury, to have these matters more fully investigated.
Bay and Trezevant, contra, thought there were no legal grounds to impeach this verdict.
Rule for new trial made absolute.
N. B. This case was tried a second time, when the jury found again in favour of the plaintiff.